JoNes, Chief Judge,
delivered the opinion of the court:
From the foregoing findings of fact and from the record in this case it appears that the defendant acknowledges that it owes the sum of $7,000 on a contract for the painting of certain buildings at Ft. Adams, Rhode Island, the work under the contract having been completed on September 18, 1947.
Due to the fact that there are a number of claimants, the matter was referred to this court under a certificate of the Comptroller General of the United States, pursuant to Section 2510, Title 28, U. S. Code, and there were transmitted to this court certain documents, the certificate stating that the *607 claims involve controverted questions of fact and law which ■ the interests of the United States require to be tried and adjudicated by the court.
From the documents so transmitted and from the pleadings and evidence the foregoing findings are made.
We find that of the sum admitted to be due $3,668.50 should be awarded to Frank Cappelletti for the benefit of himself and those claiming under him, and that the balance of $3,331.50 should be awarded to Abraham Belilove, Receiver of the Dimond Construction Co., to be allocated as hereinafter set out.
About 35 percent of the work was performed by the Dimond Construction Co., and the remaining part was completed under an approved contract with Frank Cappelletti.
Under the Cappelletti contract the following claims for materials furnished and labor performed have been established :
(1) The Ideal Paint and Hardware Company furnished to Cappelletti paint and other materials of the value of $537.29, for which it has not been paid; (2) Albert Fabrizio was employed on the work as a painter at an agreed wage of $44 per week. He worked three weeks during the month of August 1947, and has not been paid. He is entitled to the sum of $132; (3) Albert Fusco performed work for Cappelletti for which he has not been paid. The agreed ■ amount-due1Aim is $333.
A-claim in the amount of $525 was filed on behalf of Armando Teolis. However, no petition was filed and no proof was offered by Teolis, and no amount can be awarded to him. There may have been some sort of arrangement between Teolis and Cappelletti which may be adjusted between them, but no proof has been offered upon which an award can be made here.
The original contract was with Eugene Imondi, who did business as the Dimond Painting Company, and who organized the Dimond Construction Company, Inc.
Under the Imondi contract workmen and suppliers of materials have established claims as follows:
*608 (1) William Estrella performed work for'which he was entitled to be paid the smn of $350, which amount has not been paid; (2) J. T. O’Connell, Inc., of Newport, Rhode Island, furnished painting materials to be used on the Et. Adams painting contract, the value thereof being $281.78, which amount has not been paid; (3) The Weaver Paint and Varnish Company, Inc., furnished painting materials for the work and there is a balance due this company of $739.95.
Among the papers transmitted By the Comptroller General to the court was a letter from the Commissioner of Internal Revenue, dated September 3, 1948, stating that the records of the Collector of Internal Revenue, Providence, Rhode Island, show the following taxes outstanding against the Dimond Construction Company:
Withholding taxes, $789.40, with interest to September 1, 1948; taxes assessed under the Federal Insurance Contributions Act, $237.95, with interest to September 1, 1948. However, a letter was filed by the Assistant Attorney General under date of September 28,1950, advising the court that it was not considered feasible to file a counterclaim or offset for this amount and no proof was offered. This claim, therefore, is treated as waived.
Plaintiff Frank Cappelletti is entitled to judgment in the amount of $3,668.50, which amount includes $2,666.21 for himself; $537.29 for the use of The Ideal Paint and Hardware Company; $132 for the use of Albert Fabrizio, and $333 for the use of Albert Fusco.
Plaintiff Abraham Belilove, Receiver of the Dimond Construction Co., Inc., is entitled to judgment for $3,331.50, which includes $1,959.77 for himself as Receiver, $350 for the use of William Estrella, $281.78 for the use of J. T. O’Con-nell, Inc., and $739.95 for the use of The Weaver Paint and Varnish Company, Inc.
As to plaintiffs Eugene Imondi, d/b/a Dimond Painting Company, and Peerless Casualty Company, which company had executed payment and performance bonds, the petition is dismissed.
It is so ordered.
Howell, Judge; Maddest, Judge-, Whitaker, Judge; and LittletoN, Judge, concur.